UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RODNEY MARSHALL,

                          Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer IBALLYS
STARLING, Shield No. 13534; Police Officer
JALIM RYAN, Shield No. 3554; Sergeant
MATTHEW SEPE, Shield No. 2896; Lieutenant
FRANK DIPRETTA; Police Officer JOHN FOX,
Shield No. 7480; Police Officer JOHN SFORZA,
Shield No. 13571; Sergeant MARK STEINER;
Police Officer JOHN MADERICK; Police Officer
RICHARD LENNON, Shield No. 22389;
Detective DAVID GOMES, Shield No. 20011;
and JOHN and JANE DOE 7 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                          Defendants.
----------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

15 CV 6096 (PKC) (JO)

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and

the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the

United States, and Section 14-151 of the Administrative Code of the City of New York.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the claims brought pursuant to the Administrative Code of the City of New York pursuant to 28 U.S.C. § 1367(a).

<u>JURY DEMAND</u>

6.      Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.      Plaintiff Rodney Marshall is a resident of Queens County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision,

promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Iballys Starling, Shield No. 13534 ("Starling"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Starling is sued in her individual and official capacities.

10.     Defendant Police Officer Jalim Ryan, Shield No. 3554 ("Ryan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ryan is sued in his individual and official capacities.

11.     Defendant Sergeant Matthew Sepe, Shield No. 2896 ("Sepe"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sepe is sued in his individual and official capacities.

12.     Defendant Lieutenant Frank Dipretta ("Dipretta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dipretta is sued in his individual and official capacities.

13.     Defendant Police Officer John Fox, Shield No. 7480 ("Fox"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fox is sued in his individual and official capacities.

14.     Defendant Police Officer John Sforza, Shield No. 13571 ("Sforza"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sforza is sued in his individual and official capacities.

15.     Defendant Sergeant Mark Steiner ("Steiner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Steiner is sued in his individual and official capacities.

16.     Defendant Police Officer John Maderick ("Maderick"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Maderick is sued in his individual and official capacities.

17.     Defendant Police Officer Richard Lennon, Shield No. 22389 ("Lennon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lennon is sued in his individual and official capacities.

18.     Defendant Detective David Gomes, Shield No. 20011 ("Gomes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gomes is sued in his individual and official capacities.

19.     At all times relevant defendants John and Jane Doe 7 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

-4-

know the real names and shield numbers of defendants John and Jane Doe 7 through
10.

20.    At all times relevant herein, defendants John and Jane Doe 7 through 10
were acting as agents, servants and employees of the City of New York and the
NYPD. Defendants John and Jane Doe 7 through 10 are sued in their individual and
official capacities.

21.    At all times relevant herein, all individual defendants were acting under
color of state law.

## STATEMENT OF FACTS

22.    At approximately 3:30 p.m. on April 11, 2014, Mr. Marshall was
lawfully present in the vicinity of 127th Street and Foch Boulevard in Queens, New
York.

23.    Mr. Marshall had parked his car at the Post Office and was removing a
parcel from his trunk when a woman approached him.

24.    Unbeknownst to Mr. Marshall, upon information and belief, the woman
was defendant Starling in disguise.

25.    Defendant Starling struck up a conversation with Mr. Marshall.

26.    To Mr. Marshall's surprise, defendant Starling steered the conversation

toward an offer by her to perform sex acts for money.

27.    Mr. Marshall declined and defendant Starling walked away.

28.    As Mr. Marshall prepared to close his trunk and walk into the Post Office, police vehicles arrived and several defendants approached Mr. Marshall.

29.    Lacking even reasonable suspicion to detain him, let alone arguable probable cause to arrest, defendants nevertheless handcuffed and arrested Mr. Marshall.

30.    Mr. Marshall was put into a police van full of arrestees and taken to a police precinct.

31.    After spending over five hours in the precinct, Mr. Marshall was issued a desk appearance ticket and released.

32.    Prior to Mr. Marshall's arraignment on May 28, 2014, the officers falsely informed employees of the Queens County District Attorney's Office that Mr. Marshall had solicited prostitution.

33.    The defendants knew at the time they arrested Mr. Marshall and when they fabricated evidence, that Mr. Marshall had not committed any crime.

34.    On or about January 9, 2015, after being compelled to appear in court on several occasions and spending $5,000 to retain private counsel, all charges against Mr. Marshall were adjourned in contemplation of dismissal.

-6-

35.    Upon information and belief, defendants took law enforcement action with regard to Mr. Marshall based solely on his actual and/or perceived color and/or race.

36.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, damage to his reputation, pecuniary loss, and loss of employment/promotional opportunities.

## FIRST CLAIM
### Unlawful Stop and Search

37.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial of Constitutional Right to Fair Trial

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    The individual defendants created false evidence against plaintiff.

45.    The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

46.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure to Intervene

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Bias-Based Profiling

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     In initiating law enforcement action against Mr. Marshall based on his actual and/or perceived race and/or color rather than Mr. Marshall's behavior or other information linking him to suspected unlawful activity the defendant officers engaged

-9-

in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

54.    Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d)  A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f)  Such other and further relief as this Court deems just and proper.

Dated:       April 3, 2016
             New York, New York

HARVIS & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*

-11-