

GABRIEL P. HARVIS
BAREE N. FETT

April 20, 2016

BY ECF
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Marshall v. City of New York, et al.*, 15 CV 6096 (PKC) (JO)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write pursuant to Section 3(A) of the Court's individual practices to respectfully oppose defendants' purported pre-motion application dated yesterday. In short, defendants' letter lacks any good faith legal basis, is a tactical effort to delay the matter and avoid plaintiff's imminent motion to compel, seeks to capitalize on defendants' obstructionist and deficient discovery practices and should be denied in its entirety.

  Following defendants' submission yesterday, plaintiff served a safe harbor letter upon defense counsel pursuant to Rule 11, a copy of which is enclosed as Exhibit 1. If defendants refuse to withdraw their pre-motion application by May 10, 2016 (21 days from yesterday), plaintiff intends to file a motion for costs pursuant to Rule 11(c).

*Defendants' Admission of Personal Involvement & Refusal to Provide Information*

  In a glaring misrepresentation to this Court, defendants suggest in their letter – falsely – that plaintiff has plucked a number of uninvolved police officers from thin air and nefariously added them as defendants in this case. *See* Defendants' Pre-Motion Application at pp. 1-2 (alleging that the complaint is based on events in which the individual defendants were not personally involved). This could not be further from the truth.

Hon. Pamela K. Chen
Apr. 20, 2016

  In reality, by letter dated February 16, 2016, a copy of which is enclosed as Exhibit 2, defendants identified each of themselves as "known to be involved in, or present at the scene of, the arrest at issue in this litigation" pursuant to orders of the Hon. James Orenstein. Then, in their initial disclosures dated the following day, annexed hereto as Exhibit 3, defendants designated each of themselves as Rule 26(a) witnesses, but critically failed to provide the subjects of their knowledge as required by Rule 26(a)(1)(A)(i) and the case law in this circuit. *See Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (requiring disclosure of subjects of witnesses' knowledge). Indeed, in contravention of Judge Orenstein's November 18, 2015 and January 20, 2016 orders requiring disclosure of specific information with respect to each officer, defendants' February 16th and 17th disclosures failed to identify several officers' full names, shield numbers or service addresses. *See* Exhs. 2 and 3.[1]

  From that point on, defendants actively thwarted plaintiff's repeated good faith efforts to ascertain the role played by each defendant and to obtain the disclosures as to their knowledge mandated by Rule 26. In his discovery demands, annexed hereto as Exhibit 4, at Interrogatory No. 1, plaintiff specifically asked defendants to identify the nature of their previously-admitted personal involvement in plaintiff's arrest. In their belated response dated March 29, 2016, annexed hereto as Exhibit 5, defendants objected to plaintiff's request as somehow "irrelevant," provided no substantive response, and referred plaintiff back to their deficient prior disclosures.

  Thus, by e-mail dated March 31, 2016, a copy of which is annexed hereto as Exhibit 6, plaintiff raised with defendants, *inter alia*, their failure to comply with Judge Orenstein's orders and Rules 26 and 33, citing *Patterson*. The parties met and conferred by telephone, and plaintiff indicated an intention to raise the disclosure defects and other deficiencies outlined in his March 31st e-mail in a forthcoming motion to compel. At defendants' request, and as a professional courtesy in light of defense counsel's trial schedule, plaintiff withheld from immediately filing his motion. Once the undersigned learned that defense counsel's trial had ended last week, plaintiff stated that he would submit his motion to compel in short order.

---

[1] The full names, shield numbers and service addresses were only finally disclosed by the defense on April 1, 2016, the day before plaintiff's amendment deadline under the scheduling order, and only when plaintiff indicated his intention to raise with the Court defendants' failure to comply with prior orders. To date, as set forth herein, defendants have withheld the subjects of their knowledge and the role each admittedly played in plaintiff's arrest, for the apparent sole purpose of then bringing the instant meritless personal involvement pre-motion application.

Hon. Pamela K. Chen
Apr. 20, 2016

  Without ever attempting to cure their deficient disclosures or to provide the information necessary for plaintiff to draft a more detailed pleading as the Federal Rules required them to, or even giving notice to plaintiff (or Judge Orenstein) that they believed there to be a lack of specificity in the pleading of plaintiff's allegations, defendants filed their pre-motion application of yesterday.

  Defendants should not be permitted to use obstructionist tactics in discovery to deprive plaintiff of discoverable information about their admitted involvement, fail to make appropriate Rule 26(a) disclosures, and then use plaintiff's lack of information to now argue for dismissal on personal involvement grounds. Plaintiff, who asserts his claims under alternative theories of direct involvement and culpable failure to intervene, respectfully submits that such conduct lacks good faith.

  As set forth more fully in Exhibit 1, defendants' pre-motion application contains other material misstatements. For example, defendants assert in footnote 3 on page 3 of their letter that plaintiff's "state law" bias-based profiling claim "must be dismissed" because it is subject to G.M.L. § 50 notice of claim requirements. This is an abject misstatement of the law. First, plaintiff's bias-based profiling claim arises under the New York City Human Rights Law ("NYCHRL"), not state law. Second, because the NYCHRL's bias-based profiling prohibition allows for only equitable relief, and not money damages, a notice of claim is not required as a matter of law. *See, e.g.*, *People United for Children, Inc. v. City of New York,* 108 F.Supp.2d 275, 301 (S.D.N.Y. 2000) (holding that a notice of claim is not required "where the primary relief being sought is equitable in nature, and monetary damages are only incidental").

  Accordingly, plaintiff respectfully requests that the Court deny defendants' pre-motion application and order them to disclose the roles each played in plaintiff's arrest. If it should please the Court, plaintiff will then draft a more specific amended complaint for defendants' review.

  Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: Hon. James Orenstein, U.S.M.J.
   Shira Siskind, Esq.