

GABRIEL P. HARVIS
BAREE N. FETT

August 9, 2016

<u>BY ECF</u>
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Marshall v. City of New York, et al.*, 15 CV 6096 (PKC) (JO)

Your Honor:

      I represent plaintiff in the above-referenced matter. I write to respectfully: (i) inform the Court, pursuant to Rule 37(b)(2)(A), that defendants have failed to comply with a discovery order; (ii) request that the Court order four defendants to appear for depositions and produce outstanding discovery in advance; and (iii) request that defendants be ordered to show cause why their designation of the entire "Operation Losing Proposition" production as confidential should be sustained. Plaintiff has conferred extensively with defense counsel in an effort to obtain the relief requested without Court intervention.

*Defendants' Failure to Comply with the Court's July 19, 2016 Order*

      As the Court may recall, at the conference held on July 19, 2016 defendants were ordered to produce items 2-5 and 9 from plaintiff's portion of the parties' July 12, 2016 status report no later than July 26, 2016. *See* DE #48; Transcript of July 19th Conference, annexed hereto as Exhibit 1, at p. 3, ln. 7–p. 6, ln. 16. On July 26, 2016, defendants produced item 9 (policy and training materials concerning "Operation Losing Proposition") but none of the material responsive to items 2-5 (disciplinary and personnel records of the defendants).

      After repeated e-mails from the undersigned, defendants ultimately produced a portion of the officers' personnel files and performance evaluations (item 5) on the evening of July 27, 2016. None of the disciplinary summaries subject to the Court's order were produced at that time, and the vast majority of the performance evaluations remain outstanding as of this writing. For example, as to defendant Starling, who acted as the undercover during the operation in which plaintiff was arrested, a sum total of two

Hon. James Orenstein
Aug. 9, 2016

evaluation forms were produced, concerning the period 2004-2006. Not a single evaluation of this officer from the last decade has been provided. The personnel productions for the other six defendants were similarly deficient, as detailed by plaintiff in an e-mail to defense counsel on July 28, 2016, attached as Exhibit 2. No further production of personnel records has been received to date.

With regard to the disciplinary summaries (items 2-4), defendants belatedly produced them on the evening of July 28, 2016 after missing the deadline and initially refusing to comply. Neither closing reports nor underlying files in connection with the allegations revealed on the summaries, which were first requested in plaintiff's discovery demands served in February 2016 and specifically enumerated in the July 28th e-mail (*see* Exhibit 2), have been received as of this writing, with discovery set to close in 10 days.

*Request for Court-Ordered Depositions and Document Production*

Since the July 19, 2016 conference, plaintiff has proactively attempted to ensure compliance with the scheduled discovery end date of August 19, 2016. In addition to diligently pursuing the outstanding documents as outlined above, plaintiff requested available deposition dates for four key defendants on July 29, 2016. As of August 4, 2016, the parties had agreed to the following dates:

| | |
|---|---|
| Dipreta and Starling | August 16, 2016 |
| Sepe | August 17, 2016 |

Between August 4th and today, plaintiff has been asking defense counsel for a final date for the deposition of defendant Gomes. Plaintiff informed defendants that, once a schedule was set, plaintiff planned to seek Court endorsement of it, along with an order requiring outstanding discovery as to each defendant to be provided in advance of the respective deposition.

When the undersigned e-mailed defense counsel yesterday on this issue, defendants inexplicably responded that they were "requesting a stay of the entire case" without providing any explanation, basis or authority in their e-mail. Today, while awaiting defendants' portion of a joint letter addressing their contemplated stay application ten days before the close of discovery, defendants informed the undersigned that they had reversed course and were no longer planning to request a stay at this time. As of this writing, defendants have still not provided a proposed date for the Gomes deposition.

Plaintiff respectfully submits that he has concerns regarding defendants' commitment to the timely completion of discovery in this case. If it should please the Court, plaintiff respectfully requests that defendants Starling, Dipreta, Sepe and Gomes be ordered to present themselves for depositions between now and August 19, 2016, and that defendants

Hon. James Orenstein
Aug. 9, 2016

be ordered to produce the relevant outstanding disciplinary and personnel records two business days in advance of the respective deposition.

*Request for Removal of Confidentiality Designations*

When defendants produced the "Operation Losing Proposition" training and policy materials pursuant to Court order on July 26, 2016, they designated the entirety of the 131-page production as confidential. By e-mail on July 27, 2016, plaintiff invoked ¶ 7 of the Stipulation and Order of Confidentiality dated April 13, 2016 (DE #27) and objected to defendants' blanket designation, citing *Schiller v. City of New York*:

> The mere fact that documents were not intended for public view when they were created does not justify a protective order. Nor, again, does the fact that the NYPD would prefer to continue to keep these documents from the public…The City has not shown that any serious harm will result from disclosure of these documents. Maintaining their continued confidentiality is therefore unwarranted.

04 CV 7921 (KMK) (JCF), 2007 WL 136149, *15 (S.D.N.Y. Jan. 19, 2007). Plaintiff also requested a privilege log in connection with multiple redactions (several full page) appearing in the production. To date, despite repeated requests, defendants have never explained the redactions or provided their position on plaintiff's challenge to the confidentiality designation. Plaintiff respectfully submits that defendants lack good cause for the designation and that the records are subject to the presumptive right of public access attending documents exchanged in discovery. Further, the Confidentiality Stipulation itself does not include training or policy materials as a category of confidential material. For these reasons, plaintiff requests that defendants be ordered to show cause why confidentiality over the entire document should be maintained.

Accordingly, plaintiff respectfully requests that the Court order the four above-mentioned defendants to appear for depositions with prior production of relevant outstanding disciplinary and personnel records and order defendants to show cause why their designation of the entire "Operation Losing Proposition" production as confidential is justified.

Hon. James Orenstein
Aug. 9, 2016

      Thank you for your consideration of this request.

                                                Respectfully submitted,

                                                Gabriel P. Harvis

Encl.

cc:     Shira Siskind, Esq.