

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SHIRA SISKIND**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-2414<br>Fax: (212) 356-3509<br>*ssiskind@law.nyc.gov* |

June 12, 2017

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>Rodney Marshall v. City of New York, et al.</u>
              15-CV-6096 (PKC) (JO)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants write, in accordance with the Court's Order dated February 22, 2017, to advise the Court that in addition to the subjects that the Court previously ordered the parties to brief *in limine*, defendants also intend to move to preclude plaintiff's medical witnesses from testifying regarding matters that do not constitute fact testimony, but that constitute expert testimony since plaintiff did not provide defendants with an expert disclosure, or a 26(a)(2)(c) disclosure. Additionally, as the Court did not rule on plaintiff's <u>Monell</u> claim at the pre-trial conference held on March 27, 2017, defendants intend to move *in limine* on that issue as well.

**Plaintiff's Position**

      Plaintiff respectfully submits that defendants' contemplated *in limine* motion to preclude testimony from his medical witnesses lacks a good faith basis and contravenes the spirit of the Court's February 23, 2017 order extending discovery to allow plaintiff to offer testimony from these two witnesses.

As defendants are aware, plaintiff served them with Rule 26(a)(2)(c) disclosures with respect to these witnesses on April 5, 2017 and defendants never communicated to plaintiff that they were dissatisfied with those disclosures in any respect. Defendants then deposed each of the witnesses without limitation. When plaintiff first learned this afternoon that defendants nevertheless planned to seek preclusion of his medical witnesses' testimony, plaintiff immediately offered to provide any additional information to which defendants felt they were entitled. Defendants declined plaintiff's offer, belying the form-over-substance nature of their argument. Accordingly, plaintiff respectfully requests that the Court decline to hear defendants' contemplated motion to preclude.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

/s

Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division

cc: By ECF
Gabriel Harvis, Esq.
*Attorney for Plaintiff*