Index No. 15 CV 6096 (PKC) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RODNEY MARSHALL,

                              Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE***

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shira Siskind*
*Tel: (212) 356-2414*
*Matter No. 2015-047840*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RODNEY MARSHALL,

                              Plaintiff,

              -against-

CITY OF NEW YORK, et al.,

                             Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE***

15 CV 6096 (PKC) (JO)

## **PRELIMINARY STATEMENT**

Plaintiff appears to proffer two theories of Monell liability. First, that a policymaking official, Lt. Dipreta, implemented a policy of not recording losing proposition operations, which in turn caused the deprivation of plaintiff's constitutional rights, and second, that there was a policy or practice of failing to record losing proposition operations. Both of these theories of Monell liability fail. With respect to the theory that a policy-making official created a policy of not recording losing proposition operations resulting in plaintiff's constitutional rights being violated, plaintiff has failed to prove that Lt. Dipreta was in fact a policymaking official. Regarding plaintiff's argument that there was an unofficial policy or practice to not record losing proposition operations, plaintiff does not have any evidence to support the claim that there was a pattern or practice so persistent and widespread such that it would constitute a custom of which policymakers must have known. Therefore, plaintiff's Monell claim must be dismissed in its entirety.

# POINT I

## PLAINTIFF'S MONELL CLAIM MUST BE DISMISSED

Plaintiff's Monell claim fails because he cannot show the existence of a municipal policy or custom that led to the violation of his constitutional rights, and even if he could, there is no evidence to support liability on the part of the City.

To establish a municipal liability claim, a plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." McLennon v. City of New York, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (internal quotation marks and citations omitted). To establish an official policy or custom plaintiff must show at least one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

Id. (citation and internal quotation marks omitted). With respect to plaintiff's first theory of municipal liability, which is premised on "actions or decisions made by municipal officials with decision-making authority" (id.), "[a]n official has final authority if his decisions, at the time they are made, for practical or legal reasons constitute the municipality's final decisions. . . . However, the official's authority must be more than mere discretion in municipal operations." Rubio v. Cty. of Suffolk, 01-CV-1806 (TCP), 2007 U.S. Dist. LEXIS 75344, at *17 (E.D.N.Y.

Oct. 9, 2007) (citing Anthony v. City of New York, 339 F.3d 129, 139-40 (2d Cir. 2003) ("finding that a police sergeant, while having discretion to handle certain situations in the field, lacks a sufficient role in the formulation of overall police department official policy to be considered a final decision-maker for § 1983 purposes."). Rubio, 2007 U.S. Dist. LEXIS 75344, at *17-18. Moreover, the "Supreme Court has rejected the notion that without more the ability to exercise discretion in carrying out municipal functions amounts to policymaking authority." Rubio, 2007 U.S. Dist. LEXIS 75344, at *21 (E.D.N.Y. Oct. 9, 2007).

To establish a Monell claim on a pattern or practice theory of liability, plaintiff must show that there was "a longstanding practice or custom which constitute[d] the 'standard operating procedure' of the local governmental entity." Id. (citation omitted). To support this theory of liability, the plaintiff can show that the "the practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law." Id. (internal quotation marks and citations omitted). However, proof of a single incident will not suffice to impose municipal liability on the City. Id. (citing Jones v. Town of E. Haven, 691 F.3d 72, 85 (2d Cir. 2012) (two or three instances of unconstitutional conduct by a "small number of officers" that occurred "over a period of several years," was insufficient to show a policy or custom, or conduct "so persistent that it must have been known to supervisory authorities"); Tieman v. City of Newburgh, 13-CV-4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at *50 (S.D.N.Y. Mar. 26, 2015) (finding "thirteen instances of excessive force during arrests over four years (none of which involved findings or admissions of culpability) during which hundreds, if not thousands, of arrests were made does not plausibly demonstrate that the use of excessive force during arrest was so frequent and pervasive to constitute a custom.").

### A. Lieutenant Dipreta is Not a Policymaking Official.

Despite plaintiff's allegations that "Lt. Dipreta possesse[d] final authority to establish municipal policy with respect to the conduct of" losing proposition operations (SAC ¶ 60), there is simply no evidence supporting this contention. Rather, the evidence shows that Lt. Dipreta has been the Special Operations Lieutenant since 2012 (Exh. A, at 16:16-22). At most, in the instant case, and in the other operations in which Lt. Dipreta participated as a supervisor, he exercised his discretion in authorizing the arrest of plaintiff without a recording of the incident. That fact alone, i.e., exercising his discretion in municipal operations, does not support a finding that Lt. Dipreta was a policymaking official, sufficient to hold the City liable under Monell.

### B. Plaintiff Has Not Shown Any Pattern or Practice So Persistent and Widespread that it Constitutes a Custom of which Policymakers Must Have Known About.

As an initial matter, it is a stretch to claim that it was a "policy or practice" of the NYPD, the 106th Precinct, or even of Lt. Dipreta to not record losing proposition operations as there is no evidence to support this claim. Indeed, at his deposition, Lt. Dipreta did not testify that it was his practice to never record losing proposition operations. Rather, he testified that he always pressed the record button on the kel device, but in his experience, it never recorded. (Exh. A, at 35:24-36:12). Rather than an unofficial policy or practice, this appears to be a technical issue following an attempt, albeit an unsuccessful one, to record the incidents in which he was involved. To the extent that the Court construes this to be a "policy" or "practice," of the City, not only does plaintiff's Monell claim fail because plaintiff cannot show that anyone other than Lt. Dipreta maintained the "practice" of not recording losing proposition operations (see

McLennon, 171 F. Supp. 3d at 96 (a "few violations by a small group of subordinate County employees with no policymaking authority [cannot] amount to the pervasive and widespread custom or practice necessary for municipal liability.")), but this theory of liability also fails because plaintiff can adduce no evidence that would support the fact that a "final policymaking authority . . . knew of the adverse action. . . . [and] knew that the subordinates took that action for unconstitutional reasons." Id. at 97. This is because the failure to record losing proposition operations does not cause constitutional violations. Even assuming, *arguendo*, that plaintiff was falsely arrested, the fact that there is no recording of his interactions with the police prior to his arrest, is not the source of his alleged false arrest. In other words, while a recording of the incident could have assisted in the prosecution of plaintiff, ultimately, the existence or non-existence of a recording of the incident was not the cause of the alleged constitutional violations.

Finally, even if a failure to record did constitute a custom of which policymakers must have known, plaintiff has still failed to show that the "policy" or "practice" was the 'moving force' behind [the] constitutional violation."[1] Mercado v. City of New York, No. 08 Civ. 2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting Monell, 436 U.S. at 691, 694).

Accordingly, plaintiff's Monell claim fails and must be dismissed.

---

[1] Plaintiff summarily states, in the SAC, ¶ 64, that the policy was the moving force behind his injuries, however, he has offered no evidence to support this conclusion.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motion in its entirety, together with such other and further relief as the Court deems just.

Dated: New York, New York
June 26, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2414

By:     /s/

        Shira Siskind
        Assistant Corporation Counsel

cc: Gabe Harvis, Esq. (by ECF)

15 CV 6906 (PKC) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RODNEY MARSHALL,

              Plaintiff,

     -against-

CITY OF NEW YORK, et al.,

              Defendants.

## DEFENDANTS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE*

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*New York, N.Y. 10007*

*Of Counsel:*
*Shira Siskind*
*Tel: (212) 356-2414*